# EXHIBIT A

1
2
3
4
5
6
7
8
9
10

## THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
## IN AND FOR THURSTON COUNTY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

| | |
|---|---|
| **Eric Johnson and Richard Mankamyer,** | **NO.** 18-2-04699-34 |
| **Plaintiffs,** | **PETITION FOR** |
| | **JUDICIAL REVIEW** |
| **V.** | **UNDER THE APA** |
| | **AND** |
| **The Washington State Conservation** | **COMPLAINT FOR** |
| **Commission and the following in their** | **DECLARATORY AND** |
| **individual and official capacities:** | **INJUNCTIVE RELIEF** |
| **Jim Kropf, Chair;** | **FOR VIOLATION OF** |
| **Dean Longrie, Vice-Chair;** | **THE ADMINISTRATIVE** |
| **Harold Crose, Commissioner;** | **PROCEDURES ACT;** |
| **Larry Cochran, Commissioner;** | **THE OPEN PUBLIC MEETINGS** |
| **Daryl Williams, Commissioner;** | **ACT AND 42 USC §§ 1983 & 1988.** |
| **Sarah Spaeth, Commissioner;** | |
| **Perry Beale, Commissioner;** | |
| **Thomas Miller, Commissioner;** | |
| **Executive Director Mark Clark;** | |
| **Policy Director Ron Shultz;** | |
| **John and Jane Does 1-10.** | |
| | |
| **Defendants.** | |

25

26

27

28

29

## COMPLAINT SUMMARY

1.      This is an application for judicial review and a complaint for damages,

declaratory, and injunctive relief brought by Eric Johnson and Richard Mankamyer

pursuant to RCW 34.05.514; RCW 34.05.574, RCW 42.30.130, 42 U.S.C. §§ 1983 and

COMPLAINT - 1

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360. 866-2322    FACSIMILE: 1-866-800-9941

1988, the Fourteenth Amendments to the United States Constitution, Article I, sec. 3 and 5 of the Washington State Constitution against the defendants in their individual and official capacities.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to RCW 2.08.010, RCW 34.05.514(1) and RCW 34.05.570(4).

3.      Venue lies in this court because the events arise out of Thurston County.

## PARTIES

4.      Plaintiff, Eric Johnson, is a Thurston County resident and Thurston Conservation District (TCD) Supervisor.

5.      Plaintiff, Richard Mankamyer, is a Thurston County resident and Thurston Conservation District (TCD) Supervisor.

6.      The Washington State Conservation Commission (WSCC) is a Washington State Agency located in Olympia.

7.      Jim Kropf is the WSCC Chair.

8.      Dean Longrie is the WSCC Vice-Chair;

9.      Harold Crose is a WSCC Commissioner;

10.     Larry Cochran is a WSCC Commissioner;

11.     Daryl Williams is a WSCC Commissioner;

12.     Sarah Spaeth is a WSCC Commissioner;

13.     Perry Beale is a WSCC Commissioner;

14.     Thomas Miller is a WSCC Commissioner;

COMPLAINT - 2

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360.866-2322    FACSIMILE: 1-866-800-9941

15.     Mark Clark is the WSCC Executive Director;

16.     Ron Shultz is an attorney and WSCC Policy Director.

17.     John and Jane Does 1-10 are individuals yet to be identified who collaborated in the alleged violations of state and federal law.

**FACTS**

18.     The plaintiffs serve as Thurston County Conservation District (TCD) Supervisors.

19.     Johnson was appointed by the WSCC and serves as TCD Chairman.  His term runs from May 2016 to May 2019.   Mankamyer was elected and serves as TCD Board Auditor.  His term runs from May 2017 to May 2020.

20.      Johnson and Mankamyer uncovered questionable activities by TCD staff and contractors, including conflicts of interest and self-dealing.  Since they have legal responsibility as Supervisors, they started investigating those activities.  As part of that investigation, Johnson filed a successful PDA case against WSU for TCD staff records.[1]  This resulted in staff resistance to board direction.  This eventually led to TCD staff orchestrating a retaliatory lobbying campaign against Johnson and Mankamyer that included: a frivolous recall petition (based on Johnson and Mankamyer hiring private counsel); OPMA litigation; Public Disclosure Act complaints, and Human Rights Commission complaints.  This culminated in calls for the removal by the WSCC of Johnson and Mankamyer.

---

[1] *Johnson v. Washington State University (WSU) Energy Program Office*, Thurston Co. No. 18-2-00943-34.

COMPLAINT - 3

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360. 866-2322  FACSIMILE: 1-866-800-9941

21.    WSCC staff investigated various complaints against the TCD, Johnson and Mankamyer.  These charges included: allegedly obtaining special benefits in violation of law (Johnson); violations of the state Open Public Meetings Act (OPMA); violations of the state Open Public Records Act (OPRA) and harassment of TCD staff.  The WSCC staff issued its report on July 20, 2018.

22.    The plaintiffs responded to these allegations on August 14, 2018 noting:  (a) A recall application was filed against Johnson and Mankamyer on July 18, 2018 alleging misfeasance and malfeasance for hiring private counsel;  (b)  The OPMA allegations are pending in Thurston County Superior Court[2]; and (c) The harassment allegations are under investigation by the Washington State Human Rights Commission.

23.    The WSCC held a special meeting on August 29, 2018 on the staff investigation report.  According to the WSCC's special meeting announcement online, "The Commission will not take comment from the public relating to the content of the TCD investigation report."

24.    Nevertheless, approximately 60 people signed up to comment on the report and the plaintiffs' response, which was contrary to the prescribed procedures it published online for that meeting.  Commissioner Crose also asked members of the public to send additional comments to the Conservation Commission prior to hearing for review by members.

25.    The plaintiffs were not in attendance and were unaware that the WSCC was going to take public comment on the WSCC staff report and the plaintiffs' response in violation of its own prescribed procedures published online for that meeting.

---

[2] *West v. Thurston Conservation District*, Thurston Co. No. 18-2-03305-34.

COMPLAINT - 4

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360. 866-2322  FACSIMILE: 1-866-800-9941

26.    Following the public comment, Commissioners expressed the desire to expedite matters. The Commissioners chose an informal public hearing under the OPMA rather than an adjudication under the APA based on legal advice from WSCC's Policy Director, attorney Ron Shultz.

27.    However, Mr. Shultz is not employed by the Attorney General's Office and cannot provide legal advice to the WSCC. Wash. Const. art III § 21; RCW 43.10.067

28.    In response to questions by Commissioners regarding who sets the hearing date, Mr. Shultz advised: "You don't have to be reasonable." According to the audio tape, this declaration was followed by laughter from Commissioners and some of the crowd.[3]

29.    The WSCC voted at the August 29, 2018 special meeting to hold the informal OPMA hearing "sometime between October 1 and October 31, 2018" and to hire a hearings examiner.

30.    Contrary to that agency action, Executive Director Clark sent a letter to Johnson and Mankamyer dated September 11, 2018 scheduling the hearing "on or after November 14, 2018, and on or before December 14, 2018." According to that letter,

> Outside of the submittal of the hearing briefs, there is no additional pre-hearing practice authorized. RCW 89.08 does not grant the WSCC power to issue subpoenas or to authorize discovery, so no such procedures are permitted.

31.    Coincidentally, on that same day (September 11, 2018) plaintiffs applied via email to the WSCC for an adjudicative proceeding per RCW 34.05.413(2). The WSCC has

---

[3] RCW 34.05.556(2) states: "If part of the record has been preserved without a transcript, the agency shall prepare a transcript for inclusion in the record transmitted to the court, except for portions that the parties stipulate to omit in accordance with subsection (4) of this section."

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360.866-2322   FACSIMILE: 1-866-800-9941

no rules governing applications for declaratory orders.  RCW 34.05.240.  Executive

Director Clark responded by letter dated September 13, 2018 citing RCW 89.08.200 and

stating:

> Pursuant to RCW 34.05.416, the WSCC has decided not to conduct an
> adjudicative proceeding under the Administrative Procedures Act (APA),
> RCW 34.05....

Clark explained that the WSCC would hold an informal public hearing under the Open

Public Meetings Act (OPMA), RCW 42.30, rather than an adjudication under the APA.

32.     However, the WSCC did not meet between September 11 and 13 to consider the

plaintiff's application.   The WSCC did not issue any order in response to that application.

RCW 34.05.240(5).

33.     No hearing date has been set and no hearing examiner has been hired.

### COUNT I:  VIOLATION OF THE APA & OPMA

34.     Plaintiffs re-allege the allegations set forth above.

35.     RCW 34.05.570(3) provides that the court shall grant relief from an agency order

in an adjudicative proceeding only if it determines that:

> (a)    The order, or the statute or rule on which the order is based, is in violation
> of constitutional provisions on its face or as applied;
> (b)    The order is outside the statutory authority or jurisdiction of the agency
> conferred by any provision of law;
> (c)    The agency has engaged in unlawful procedure or decision-making
> process, or has failed to follow a prescribed procedure;
> (d)    The agency has erroneously interpreted or applied the law;
> ....
> (i)    The order is arbitrary or capricious.

COMPLAINT - 6

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360.866-2322  FACSIMILE: 1-866-800-9941

36.    To the extent Executive Director Clark was not lawfully entitled to take unilateral action on Plaintiffs' application or change the hearing dates set by the agency, such unauthorized actions are reviewable under RCW 34.05.570(4).

37.    Commencement of an adjudication under the APA is "required by law or constitutional right" and "upon the timely application by any person". RCW 34.05.413. RCW 34.05.416 states:

> If an agency decides not to conduct an adjudicative proceeding in response to an application, the agency shall furnish the applicant a copy of its decision in writing, with a brief statement of the agency's reasons and of any administrative review available to the applicant.

38.    The plaintiffs made a timely application for adjudication under the APA on September 11, 2018.  Executive Director Clark acknowledged and denied that application by letter dated September 13, 2018.  However, the WSCC which did not meet between September 11 and 13 to consider that application.  Consequently, Mr. Clark's unilateral actions violated RCW 34.05.416 as there was no "agency action" as defined by RCW 34.05.010(3) on the application.

39.    The WSCC erroneously interpreted or applied the law when, following unauthorized legal advice by Ron Shultz, it decided to proceed with an informal hearing under the OPMA rather than an adjudication under the APA.  Only the Attorney General's Office can provide legal advice to state agencies.  Wash. Const. art. III, § 21.  Mr. Shultz is not an AAG or otherwise authorized to provide legal advice to the WSCC.  RCW 43.10.067

40.    That advice was also erroneous.  The OPMA does not apply to quasi-judicial matters or matters governed by the APA.  RCW 42.30.140(2) and (3).  Moreover, unlike

COMPLAINT - 7

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360.866.2322  FACSIMILE: 1-866-800-9941

the APA, the WSCC has no procedural rules governing hearings.  Cf. WAC 135-110-960 and WAC 10-08-001(2).   Finally, as noted above, the OPMA claims are already being litigated separately.[4]

41.     Executive Director Clark's letter to Johnson and Mankamyer dated September 11, 2018 changed the hearing dates approved by the WSCC at its August 29, 2018 special meeting.  The WSCC approved Commissioner Beale's motion to hold the hearing sometime between October 1 and October 31, 2018.  That motion did not give authority to the Executive Director to change those dates to between November 14, 2018 and December 14, 2018.  Therefore, Mr. Clark's actions are unauthorized and void.

42.     Moreover, the WSCC violated its own rules regarding notice to supervisors.  WAC 135-110-960(3) states:

> The conservation commission must hold at least one public hearing <u>no earlier than sixty days from the date of certified mailing to the supervisor</u> in the area served by the conservation district supervisor before acting to remove the incumbent from office.

Here, the WSCC unlawfully began the public hearing on August 29, 2018 by taking public comment on the charges from approximately 60 people contrary to its own prescribed procedure and soliciting the public to send additional comments for Commissioners to consider.  As noted above, the date of the notice issued by Mr. Clark is September 11, 2018.  It states that a hearing would be "scheduled on or after November 14, 2018, and on or before December 14, 2018."  As noted above, that notice is void because the WSCC never acted approving those dates.

---

[4] *West v. Thurston Conservation District*, Thurston Co. No. 18-2-03305-34.

COMPLAINT - 8

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360.866-2322   FACSIMILE: 1-866-800-9941

43.    The agency engaged in unlawful procedure or decision-making process or has failed to follow a prescribed procedure.  It allowed public comment on the report and response in violation of its own prescribed procedures published online for the special meeting on August 29, 2018.  According to the WSCC's website,

> The Commission will not take comment from the public relating to the content of the TCD investigation report.

After receiving those unauthorized comments from approximately 60 people and soliciting others, the WSCC voted to hold an expedited hearing under the OPMA rather than an adjudication as required under the APA.  RCW 34.05.413(2).  These public comments regarding the report and response included disparaging remarks about the plaintiffs and counsel.  These comments amount to improper *ex parte* communications with the WSCC. As noted above, Commission members laughed along with the crowd when they were advised by Mr. Shultz that "You don't have to be reasonable."

44.    These *ex parte* contacts and bias manifested by WSCC staff and Commissioners violate the plaintiffs' due process rights.

> The principle of impartiality, disinterestedness, and fairness in administrative hearings has long been part of the State's jurisprudence dating back to *State ex rel. Barnard v. Board of Educa*tion, 19 Wn. 8, 52 P. 317 (1898).

1-2 Washington Administrative Law Practice Manual § 2.01 (2017).

## COUNT II:  VIOLATION OF 42 USC §§  1983 & 1988

45.    Plaintiffs re-allege the allegations set forth above.

46.    The defendants violated rights guaranteed to the plaintiffs by the fourteenth amendment to the United States Constitution and 42 U.S.C. § 1983, in that defendants decided to adjudicate the charges against the plaintiffs informally under the OPMA rather

COMPLAINT - 9

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360. 866-2322  FACSIMILE: 1-866-800-9941

than under the APA.   Unlike the APA, the WSCC has no procedural rules governing hearings and intends to make it up as it goes along.  Cf. WAC 135-110-960 and WAC 10-08-001(2).   According to the letter from Executive Director Clark to Johnson and Mankamyer dated September 11, 2018,

> Outside of the submittal of the hearing briefs, there is no additional pre-hearing practice authorized.  RCW 89.08 does not grant the WSCC power to issue subpoenas or to authorize discovery, so no such procedures are permitted.

Given the serious nature of the allegations, such action arbitrarily, discriminatorily, capriciously and illegally deprived plaintiffs of their due process rights.

47.    The defendants knew or should have known that their actions denied plaintiffs of their constitutional due process rights and their callous indifference renders them personally liable for compensatory and punitive damages under 42 U.S.C. § 1983.

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court enter judgment in their favor:

A.    Declaring Defendant WSCC violated the APA and OPMA and enjoining it from holding an informal hearing under the OPMA to adjudicate the complaints against the Plaintiffs.  RCW 34.05.574(1); RCW 42.30.130

B.    Entering a declaratory judgment order that Plaintiffs are entitled to a full adjudicative hearing under the APA.  RCW 34.05.574(1).

C.    Entering a declaratory judgment order that Defendants violated 42 USC §§ 1983 and 1988.

COMPLAINT - 10

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360. 866-2322  FACSIMILE: 1-866-800-9941

1     D.      Awarding Plaintiffs compensatory and punitive damages against the

2              Defendants in the individual capacities as authorized by 42 USC §§ 1983 and

3

4              1988.

5     E.      Awarding  Plaintiffs' counsel reasonable attorneys' fees and costs pursuant to

6              RCW 42.30.120(4), 42 USC § 1983 & 1988 and any other applicable

7

8              provision of law.

9     F.      Order such other and further relief as this Court may deem appropriate.

10

11    Date:   9/24/18

12                          SHAWN TIMOTHY NEWMAN

13                          ATTORNEY AT LAW, INC., P.S.
                               WSBA 14193

14                          2507 Crestline Dr., N.W.
                               Olympia, WA  98502

15                          PH: (360) 866-2322
                               Fax: 1-888-800-9941

16                          E-mail:  shawn@newmanlawolympia.com

17                          Attorney for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

29

COMPLAINT - 11

SHAWN NEWMAN, ATTORNEY AT LAW, INC., P.S.
WSBA 14193
2507 CRESTLINE DR., N.W.
OLYMPIA, WASHINGTON 985012
E-MAIL: SHAWN@NEWMANLAWOLYMPIA.COM
TELEPHONE: 1.360.866-2322   FACSIMILE: 1-866-800-9941

Notice of Removal. Ex. A p. 17